UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WADE C. FEIDER, ) | |
| ) | No. CV-10-199-LRS |
| Plaintiff, ) | |
| vs. ) | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| ) | |
| STATE FARM FIRE AND ) CASUALTY COMPANY, ) a foreign corporation, ) | |
| Defendant. ) | |

**BEFORE THE COURT** is Plaintiff's Motion For Reconsideration (Ct. Rec. 19).  The motion is heard without oral argument.

Plaintiff asks the court to reconsider its November 19, 2010 "Order Granting Motion To Stay" (Ct. Rec. 18) to allow Plaintiff to take a single deposition of State Farm "Team Manager" Dan Leary who signed the April 30, 2010 letter from Defendant denying Plaintiff's insurance claim.

" '[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 790); see *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985); see also *Keene Corp. v. International Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982) (reconsideration available "to correct manifest errors of law or fact or to present

**ORDER DENYING MOTION FOR RECONSIDERATION-**                1

newly discovered evidence"). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987); see *Keene Corp.*, 561 F. Supp. at 665-66.

Since a district court has discretion to stay discovery a civil action in favor of parallel criminal proceedings, *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995), it can hardly be said the court committed a "clear error" in granting a stay. Accordingly, it appears the argument Plaintiff makes is that it is a "manifest injustice" to preclude him from taking at least the deposition of Mr. Leary. It is noted that Defendant's motion to stay was prompted by Plaintiff's request to take the depositions of Mr. Leary and Scott Wahl, both of whom are State Farm Special Investigations Unit ("SIU") personnel. While Mr. Wahl will apparently be called as a prosecution witness at Plaintiff's criminal trial, Mr. Leary will not and therefore, according to Plaintiff, "the criminal discovery process is not available to get testimony from Mr. Leary." Plaintiff asserts that "Mr. Leary's deposition will help balance the scales between Plaintiff and State Farm in terms of deposition testimony" and testimony from Leary's deposition "will likely yield exculpatory evidence that is not available in the more limited criminal discovery process because Mr. Leary is not listed as a witness."

The court concludes there is no "manifest injustice" in not allowing the deposition of Mr. Leary. As this court explained in its order granting the motion to stay, State Farm did not depose Plaintiff as part of the captioned civil action seeking damages from State Farm for negligence, breach of contract, bad faith, and violation of the Washington Consumer Protection Act. Plaintiff was examined under oath by State Farm as part of its insurance investigation before State Farm denied Plaintiff's insurance claim and before he commenced this action against State Farm. Plaintiff was not examined as part of the civil discovery process. There has been no discovery advantage for Defendant. Allowing the Plaintiff to

**ORDER DENYING MOTION FOR RECONSIDERATION-**            2

depose Mr. Leary in this civil action would create an advantage for the Plaintiff and has the distinct potential for compromising the pending criminal proceedings against Plaintiff. Plaintiff cannot depose Mr. Leary as part of the criminal proceedings. The only apparent reason for Plaintiff to depose Mr. Leary as part of this civil action is an effort to avoid the discovery restrictions which apply in criminal proceedings and obtain evidence to be used in Plaintiff's defense at his criminal trial. It is quite possible that would involve the Plaintiff calling Leary as a defense witness at that trial.

Plaintiff acknowledges that because of the filing of this civil action, Defendant has divulged its claims file to Plaintiff. According to the declaration of Plaintiff's counsel (Ct. Rec. 23-1 at Paragraph 9), "[t]he State Farm[] claims file revealed that State Farm's own fire cause and origin expert determined that the fire was accidental, and Mr. Feider would like to know why State Farm Team Leader Dan Leary nevertheless denied the claim." The claims file information is obviously available to criminal defense counsel who can make what use of it he deems appropriate at Plaintiff's criminal trial (i.e., cross-examination of the State's witnesses). Plaintiff's counsel adds that the purpose of the civil action is "to obtain a complete remedy against State Farm for its bad faith, not just to obtain information for use at the criminal trial." (Ct. Rec. 23-1 at Paragraph 10). Plaintiff is not being denied an opportunity to prove bad faith. His civil action is merely being stayed pending completion of his criminal trial. Denying Plaintiff the use of the civil discovery process pending completion of his criminal trial does not prevent him from having a fair criminal trial. Plaintiff's criminal defense lawyer can conduct the investigation he deems necessary to defend his client at trial, including the use of investigators to interview witnesses, and the State must still prove beyond any reasonable doubt that Plaintiff committed arson.

There is no "manifest injustice" in staying this civil action and precluding the Plaintiff from using the civil discovery process in an effort to obtain evidence

**ORDER DENYING MOTION**
 **FOR RECONSIDERATION-**            3

for potential use at his criminal trial.  To the contrary, a stay is in the interest of justice.

Plaintiff's Motion For Reconsideration (Ct. Rec. 19) is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this order and forward copies to counsel of record.

**DATED** this   13th   day of January, 2011.

*s/Lonny R. Suko*
───────────────────────
LONNY R. SUKO
Chief United States District Judge

**ORDER DENYING MOTION
FOR RECONSIDERATION-**                4